THE STATE OF OHIO, APPELLEE, *v.* AMISON, APPELLANT.

(No. 5945—Decided June 23, 1965.)

*Mr. Harry Friberg*, prosecuting attorney, and *Mr. John H. Harpen*, for appellee.
*Mr. Robert W. Penn*, for appellant.

GUERNSEY, J.   This is an appeal by the defendant, Jesse Elmer Amison, from a judgment of conviction and sentence for the crime of assault with a dangerous weapon (Section 2901.241, Revised Code) entered on a plea of guilty which the trial court refused to permit the defendant to change.

Although there are many other facts and circumstances set forth in the record bearing on whether the change of plea should have been granted, the pertinent facts pertaining to the ultimate issues on this appeal are few.

It appears from the record that on December 17, 1964, the defendant was indicted for the alleged crime; that on December 22, 1964, he appeared with appointed counsel and entered a plea of not guilty; that on January 5, 1965, he appeared with appointed counsel and withdrew his plea of not guilty and entered a plea of guilty, the court thereupon referring the cause to the probation department for pre-sentence investigation and report; that on January 18th or 19th, 1965, prior to the date of January 20th when the trial on another charge against him had been assigned for hearing (our record being silent as to any assigned trial date as to the charge here in question), the court was advised that the defendant desired to withdraw his plea of guilty and enter a plea of not guilty; and that on January 27, 1965, upon hearing of this request the defendant was advised by the trial judge:

"Now I want to tell you, Mr. Amison, any previous time in my judicial career, which goes 25 years on the Bench, any

time there is the least question in my mind as to the guilt of a defendant, I allow them to withdraw a plea of guilty, if there is the slightest question in my mind about their guilt. And so when I was informed that you wanted to withdraw this plea of guilty and enter a plea of not guilty, I looked into the facts in this case, and *I went upstairs and I read the minutes of the Grand Jury.*" (Emphasis added.)

It then appears in the record that the defendant was questioned at length by the trial judge, without the intervention of his appointed counsel, as to what occurred at the time and place of the alleged crime on the basis of the court's knowledge of the testimony before the grand jury, the defendant denying or explaining away such matters as might tend to prove his guilt. Upon the conclusion of this interrogation he was advised by the court:

"And in your particular case I would very, very willingly and quickly allow you to withdraw your former plea of guilty if there was the slightest question in my mind about your guilt in this matter. I am at this time overruling your request for leave to withdraw your plea of guilty to this charge."

Thereupon, appointed counsel withdrew and the court subsequently appointed other counsel to prosecute this appeal. The defendant now assigns as error that (1) the court abused its discretion in overruling his motion to withdraw his plea of guilty and (2) that he was denied a fair hearing on such motion because the court used the grand jury minutes without making them available to defendant or his counsel.

The allowance of a change of plea under the provisions of the last sentence of Section 2943.03, Revised Code, is within the sound discretion of the trial court, which should be liberally exercised in favor of the accused. *Crider* v. *Maxwell, Warden,* 174 Ohio St. 190, 191.

Section 2939.11, Revised Code, provides, as specifically here applicable, that:

"The official shorthand reporter of the county * * * at the request of the prosecuting attorney * * * may take shorthand notes of testimony before the grand jury, and furnish a transcript to the prosecuting attorney * * * and *to no other person.* * * * Such reporter shall take an oath * * * imposing an obligation of secrecy to not disclose any testimony taken or heard

except to the grand jury, prosecuting attorney, * * * *unless called upon in court to make disclosures.''* (Emphasis added.)

See *State* v. *Rhoads*, 81 Ohio St. 397, where the character, availability and the inviolability of such testimony are discussed at length.

It is obvious that the trial judge had no right outside of open court to violate the secrecy of this testimony, which secrecy is guaranteed because of the nature of the grand jury inquiry, and to review the minutes of the grand jury as a foundation upon which to query defendant at the hearing on his motion to change his plea or as a means of convincing the court of the guilt of the defendant.

In the case of *Steiner* v. *Custer*, 137 Ohio St. 448, the Supreme Court held in the second paragraph of the syllabus:

''The meaning of the term 'abuse of discretion' in relation to the granting of a motion for a new trial connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court.''

Such definition should be equally as applicable to a court's determination of a motion to change a plea.

In referring to the grand jury minutes under the circumstances here, the trial judge committed an unlawful act and acted in an arbitrary and unconscionable manner. In so doing, he committed an abuse of discretion constituting error prejudicial to the defendant, necessitating the reversal and vacation of the judgment and sentence and of the order overruling defendant's motion to change his plea. However, this court may not substitute its discretion for that of the trial court in this matter, and the cause must be remanded thereto for rehearing of the motion to change the plea before a judge of such court who has not had access to the minutes of the grand jury pertaining to the indictment of the defendant, and for further proceedings.

*Judgment accordingly.*

Smith and Brown, JJ., concur.

Guernsey, J., of the Third Appellate District, sitting by designation in the Sixth Appellate District.