CLEVELAND CLASSIFIED SCHOOL EMPLOYEES CIVIL SERVICE
ASSOCIATION ET AL., APPELLEES, *v.* BOARD OF EDUCATION OF
THE CLEVELAND CITY SCHOOL DISTRICT, APPELLANT, ET AL.

(No. 76-785—Decided April 20, 1977.)

*Messrs. Terrell, Williams & Salim, Mr. Ralph A. McAllister* and *Mr. S. A. Terrell*, for appellees.

32

*Messrs. Squire, Sanders & Dempsey* and *Mr. Daniel J. O'Loughlin,* for appellant Board of Education of the Cleveland City School District.

*Per Curiam.* R. C. 124.271 was adopted in 1973 and provides, in pertinent part, that:

"Any employee in the classified service of the state or any county, city, city health district, general health district, or city school district who is appointed provisionally to fill a vacancy and who remains in provisional status in the same classification for a period of two years of continuous service, during which period no competitive examination is held, becomes a permanent appointee in the classified service at the conclusion of such two year period."

The basic issue raised by the appellant board of education is whether this statute contravenes Section 10, Article XV of the Ohio Constitution, which provides that:

"Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision."

In *Karrick* v. *Bd. of Edn.* (1963), 174 Ohio St. 467, this court, on rehearing, unanimously adopted the reasoning of Chief Justice Taft in a concurring opinion to the original decision (174 Ohio St. 73, 81) that "since school districts are not mentioned in Section 10 of Article XV, its limitations on the power of the General Assembly to enact laws relating to 'appointment and promotions in the civil service' are not applicable to * * * appointments and promotions in the civil service of city school districts." Justice Taft also concluded, at page 80, that the General Assembly has the power to enact civil service laws applicable to schools by reason of Section 7 of Article I of the Ohio Constitution, which provides that " 'it shall be the duty of the General Assembly to pass suitable laws * * * to encourage schools and the means of instruction.' " See, also, *State, ex rel. Giovanello,* v. *Lowellville* (1942), 139 Ohio St. 219; *State,*

33

*ex rel. Jackman,* v. *Court of Common Pleas* (1967), 9 Ohio St. 2d 159, 163.

Under the holding and the reasoning in *Karrick,* Section 10 of Article XV does not apply to laws relating to civil service appointments and promotions in city school districts, and therefore R. C. 124.271, insofar as it applies to city school districts and to the appellees herein, employees of a city school district, is not affected by Section 10 of Article XV. Accordingly, the judgment of the Court of Appeals in this cause is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.