The STATE of Ohio, Appellee,

v.

BALL, Appellant.

[Cite as *State v. Ball* (1991), 72 Ohio App.3d 549.]

Court of Appeals of Ohio,
Ashtabula County.

No. 89–A–1456.

Decided Feb. 19, 1991.

**550**

*Gregory J. Brown,* Prosecuting Attorney, for appellee.
*Roger Ball, pro se.*

HOFSTETTER, Presiding Judge.

On March 20, 1987, appellant, Roger Ball, pleaded "no contest" to an amended charge of assault, and on June 9, 1987 was sentenced to six months in jail. The sentence was suspended and appellant was placed on two-year probation, with the special conditions that appellant pay court costs, pay restitution, serve thirty days in jail, continue mental health counseling, and that appellant was to have no contact with the victim. Over two years later, on April 11, 1989, appellant filed his motion to withdraw his plea of no contest, and the motion was denied by the judgment entry of May 15, 1989. It is from this judgment that appellant timely filed this appeal.

Appellant argues that he should be allowed to withdraw his plea as it would correct a manifest injustice. This manifest injustice is alleged to have occurred when the prosecutor denied appellant his right to a fair trial by violating Crim.R. 16(B), and when the prosecutor concealed an "eyewitness" from the grand jury. Appellant then *lists* the authorities which support his position.

Appellee simply argues that the dictates of Crim.R. 16 were followed and that the grand jury investigation is beyond the realm of plausible intervention by the accused.

Appellant failed to provide this court with a transcript, and the attached excerpts fail to demonstrate that the proceeding was any more than what it is titled, a preliminary hearing in a county court. As such, the question becomes whether Crim.R. 16 is applicable to a preliminary hearing. This court does not believe so.

A preliminary hearing has but one purpose, to determine whether there is probable cause to believe a crime has been committed by the accused. The burden of proof and the Rules of Evidence that apply to a trial are different at this proceeding. Therefore, the requirements of Crim.R. 16 do not apply to preliminary hearings.

■ Furthermore, assuming that Crim.R. 16 did apply and that prejudice existed, appellant has waived any prejudice by entering a plea of no contest. Had the case gone to trial, appellant would have been given an opportunity to employ Crim.R. 16, and any inconsistencies could have been further buttressed by the introduction of the statements made at the preliminary hearing.

The cases cited by appellant are also factually inapplicable as most deal with the application of Crim.R. 16 to police reports. Appellant's citation to R.C. 2953.21 is misplaced as there has never been a motion to vacate filed by appellant.

Appellant's reliance upon Crim.R. 16(F), the Sixth Amendment to the United States Constitution, and *State v. Walden* (1984), 19 Ohio App.3d 141, 19 OBR 230, 483 N.E.2d 859, seems to center on the facts that appellant was not given the statement of an eyewitness, and that this witness was not brought before the grand jury. This argument, as it concerns concealing an exculpatory witness from appellant, is conceptually difficult as the witness in question is appellant's brother. As the brother appears to have been cooperative, it is unimaginable how appellant was prejudiced by the prosecution's actions. See *State v. Watters* (1985), 27 Ohio App.3d 186, 27 OBR 224, 500 N.E.2d 312.

R.C. 2939.01 *et seq.* imposes no statutory duty upon the prosecutor to present exculpatory evidence to the grand jury. The analogous federal case law concerning the prosecutor's duty in this area is divided. The view that the prosecutor is under no obligation to present exculpatory evidence is held in six federal appellate circuits (1, 3, 6, 8, 9, 11), for example, see *United States v. Adamo* (C.A.6, 1984), 742 F.2d 927. The remaining circuits follow the holding of *United States v. Ciambrone* (C.A.2, 1979), 601 F.2d 616, 623, which states:

"We would add that where a prosecutor is aware of any substantial evidence negating guilt he should, in the interest of justice, make it known to the grand jury, at least where it might reasonably be expected to lead the jury not to indict."

■ Even viewed under the more stringent requirements, it cannot be said that the prosecutor breached his duty by not presenting appellant's brother to the grand jury.

■ Appellant has appealed from the trial court's denial of his motion to withdraw his plea, pursuant to Crim.R. 32.1, and has made the above referenced arguments in an attempt to demonstrate a manifest injustice, which is required before a plea may be withdrawn after sentencing.

This court was presented this issue in *Niles v. Rider* (June 7, 1985), Trumbull App. No. 3412, unreported, 1985 WL 10191, and this court stated, at page four of the opinion, the following:

"A change of plea rests in the discretion of the court but such discretion should not be exercised arbitrarily, but should rest upon settled principles of justice, with a due regard to existing conditions. *Brooks v. State* (1923), 17 Ohio App. 510. The trial court's decision should not be reversed by a reviewing court unless the trial court has abused its discretion.

"The meaning of the term 'abuse of discretion' in relation to passing on a motion by a defendant in a criminal action to change his plea connotes more than error of law or of judgment; it implies an unreasonable, arbitrary, or unconscionable attitude on the part of the court. *State v. Amison* (1965), 2 Ohio App.2d 390 [31 O.O.2d 594, 208 N.E.2d 769].

"In *State v. Smith* (1977), 49 Ohio St.2d 261 [3 O.O.3d 402, 361 N.E.2d 1324], the Ohio Supreme Court, in paragraph one of the syllabus, held:

" '1. A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice. (Crim.R. 32.1)' "

The court in *State v. Lambros* (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632, 634, referred to facts which should be considered when determining a person's ability to withdraw his plea.

█ The length of time that has passed and the recent discharge of appellant from probation weigh heavily against allowing appellant to withdraw his plea.

Appellant has failed to demonstrate an abuse of discretion by the trial court, as no manifest injustice was presented before it. As such, appellant's assignment of error is without merit.

*Judgment affirmed.*

WISE and KERNS, JJ., concur.

EDWIN T. HOFSTETTER, J., retired, of the Eleventh Appellate District, sitting by assignment.

EARLE E. WISE, J., retired, of the Fifth Appellate District, sitting by assignment.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.