DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Carl Rimmer, appeals from a Lorain County Court of Common Pleas' judgment. In this judgment, the trial court denied Defendant's motion to withdraw his no contest plea and determined that Defendant was not a sexual predator. We affirm.
In September of 1989, a Lorain County Grand Jury indicted Defendant on one count of rape, R.C. 2907.02(A)(1), one count of Gross Sexual Imposition, R.C. 2907.05, and one count of Corruption of a Minor, R.C. 2907.04. Defendant entered, and the trial court accepted, a plea of no contest to all three counts. The trial court sentenced Defendant to four to twenty-five years on count one and to two years on counts two and three, with all counts to be served concurrently.
On March 3, 1997, Defendant moved to withdraw his plea of no contest. On March 14, 1997, the trial court ordered that Defendant be transported to a hearing pursuant to H.B. 180, R.C. 2950 etseq., in order to determine whether Defendant is a sexual predator. Defendant moved for a continuance, but the trial court denied Defendant's motion. On March 21, 1997, the trial court conducted a hearing pursuant to R.C. 2950.09(B)(1). The trial court granted Defendant the opportunity to supplement the record with written documentation. On May 2, 1997, the trial court denied Defendant's motion to withdraw his no contest plea and found that Defendant is not a sexual predator. In addition, the trial court stated that Defendant is a sexually oriented offender and outlined Defendant's registration requirements. Specifically, the trial court found the following:
 [t]his Court finds that Defendant is a sexually oriented offender and that the State of Ohio has failed to prove by clear and convincing evidence that he is a sexual predator. Therefore, after reviewing all evidence, including the Presentence Investigation Report, and factors in R.C. 2950.09
(B)(2), this Court finds that Defendant should be classified as a sexually oriented offender. Defendant is further required to register in person with the sheriff of the county in which he will establish residency within seven days of his release and that Defendant must fulfill the registration requirements for 10 years thereafter.
Defendant timely appeals and raises three assignments of error. We have rearranged the assignments of error in order to facilitate discussion.
 ASSIGNMENT OF ERROR I
The trial court erred in subjecting Defendant-Appellant to proceedings under the Sexual Predator Law and thereby finding the retroactive application of the statutes in House Bill 180 to be constitutional.
In his first assignment of error, Defendant asserts that the trial court erred because it subjected him to a proceeding under an unconstitutional law. He asserts that H.B. 180 is unconstitutional because it is retroactive. We disagree and question whether Defendant is an aggrieved party.
We first turn to Ohio's sexual predator statute. H.B. 180 is also known as R.C. 2950 et seq. R.C. 2950.01 and 2950.09 became effective on January 1, 1997. R.C. 2950.04, the duty to register provision, became effective on July 1, 1997.
R.C. 2950.01(D) provides that a "sexually oriented offense" is one of the several listed offenses of the Ohio Revised Code. Pursuant to R.C. 2950.04, a defendant who has been convicted of or pleaded guilty to a sexually oriented offense must register in accordance with the statute when the offender is released from prison or another form of confinement. This duty arises regardless of whether a sexual predator determination hearing is held pursuant to R.C. 2950.09 or not.
Pursuant to R.C. 2950.09, a trial court conducts a hearing and considers specified factors and evidence to determine whether to classify a defendant as a sexual predator. Section (E) of R.C.2950.09 also provides criteria under which a defendant can be classified as a habitual offender. The notification requirements contained in R.C. 2950.10 and 2950.11 are implicated when a trial court makes a determination that a defendant is a sexual predator or a habitual offender. In the case at bar, Defendant was found not to be a sexual predator. The judge then included information in his journal entry which would have been required of Defendant even if the trial court had not included such language in its journal entry. See R.C. 2950.01(D) and 2950.04. Thus, we first address whether Defendant has an injury for this court to remedy.
Only a party aggrieved by a final order may perfect an appeal. Ohio Contract Carriers Assn., Inc. v. P.U.C.O. (1942),140 Ohio St. 160, syllabus. The burden is on the appellant to establish that he is an aggrieved party whose rights have been adversely affected by the trial court's judgment. Tschantz v.Ferguson (1989), 49 Ohio App.3d 9, 13; Stoll Farms, Inc. v. Stoll
(Nov. 24, 1993), Wayne App. No. 2791, unreported, at 4. Furthermore, appellate courts will not review questions devoid of live controversies. Miner v. Witt (1910), 82 Ohio St. 237, 238;Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co. (1992),81 Ohio App.3d 263, 266-67.
In the case at bar, the trial court simply pointed to what defendant would be required to do after July 1, 1997, pursuant to the definitions of R.C. 2950.01(D), and the registration requirement of R.C. 2950.04. If the court did not point this out in its judgment entry, the Defendant would still be required to register pursuant to R.C. 2950.01(D) and R.C. 2050.04 after July 1, 1997. Thus, we find that Defendant is not an aggrieved party whose rights have been adversely affected, and Defendant's present claim is devoid of a live controversy.
Even if Defendant was an aggrieved party by a final order, Defendant's argument that H.B. 180 violates the Ohio Constitution's clause against retroactive legislation and the prohibition against ex post facto laws under the United States Constitution lacks merit. Defendant contends that the notification and registration requirements of R.C. 2950 et seq.
violate Article II, Section 28 of the Ohio Constitution and Article I, Section 10 of the United States Constitution. This court and other courts have already determined that the notification and registration requirements of R.C. 2950 et seq. do not violate these provisions of the Ohio Constitution and the United States Constitution. State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, at 4-5; State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, at 6 and 12; State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, 1997 Ohio App. LEXIS 5705, at *26 and *34; State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported, 1997 Ohio App. LEXIS 5602, at *18-20. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The trial court erred at the Sexual Predator Hearing in denying Defendant-Appellant's Motion for a Continuance in order to remedy Defendant-Appellant's Motion for a Continuance in order to remedy Defendant-Appellant's lack of notice and opportunity to prepare as required by O.R.C.2950.09, thereby denying his right to due process.
Defendant asserts that the trial court erred by denying him a continuance. We disagree. He contends that he needed this continuance in order to prepare for the hearing in which the trial court was going to determine whether to classify Defendant as a sexual predator.
The decision to grant or to deny a motion for a continuance is within the discretion of the trial court. State v. Sowders
(1983), 4 Ohio St.3d 143, 144; State v. Unger (1981), 67 Ohio St.2d 65,67. An appellate court will not disturb a trial court's decision to deny a motion for a continuance absent an abuse of discretion. State v. Grant (1993), 67 Ohio St.3d 465, 479. The reviewing court must weigh the potential prejudice to the defendant against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Powell (1990), 49 Ohio St.3d 255,259.
Because Defendant was found not to be a sexual predator, the trial court's denial of his motion for a continuance did not prejudice Defendant's sexual predator hearing. The hearing was held on March 21, 1997. Defendant's counsel moved for a continuance the day of the hearing. Although the trial court denied the continuance, it gave Defendant the opportunity to supplement evidence by filing written documentation on or before April 3, 1997. Based on the foregoing, we find that the trial court did not abuse its discretion by denying Defendant's motion for a continuance. Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
The trial court erred in ruling that the Defendant-Appellant was not permitted to withdraw his guilty plea finding the consequences of his H.B. 180 hearing did not violate his plea agreement with the State.
Defendant contends that the trial court erred by denying his motion to withdraw his no contest plea because the H.B. 180 hearing violated his plea agreement. We disagree.
Crim.R. 32.1 states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.
An appellate court will reverse the trial court's decision to grant or to deny a motion to withdraw a no contest or guilty plea only if the trial court has abused its discretion. State v.Newland (1996), 113 Ohio App.3d 832, 837-38. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. at 838. A defendant who wants to withdraw his plea after sentencing must establish the existence of a manifest injustice. State v. Ball
(1991), 72 Ohio App.3d 549, 552.
The Crim.R. 11 colloquy between the trial court and a defendant "fully encompasses those procedural requirements established by the United States Constitution upon this issue."State v. Johnson (1988), 40 Ohio St.3d 130, 133. Moreover, "[w]here it appears that the Defendant was not misled, was fully advised of his constitutional rights, and was advised of the charge and the penalty, there would be no error in the trial court's refusal to allow withdrawal of the plea." State v. Brown
(Aug. 12, 1992), Medina App. No. 2080-M, unreported, at 3.
On April 4, 1990, Defendant signed a written plea statement indicating that he understood the charges against him and the consequences of pleading no contest, that he was pleading no contest of his own free will, and that no one used any force or made any promises to get him to plead no contest. The consequence of Defendant's H.B. 180 hearing was that Defendant was found not to be a sexual predator. It is hard to fathom how such an outcome can violate a plea agreement. Defendant failed to demonstrate the existence of a manifest injustice. We find that the trial court did not err by denying Defendant's motion to withdraw his no contest plea. Defendant's third assignment of error is overruled.
Defendant's three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, J.
DICKINSON, J. CONCUR.