DECISION AND JUDGMENT ENTRY
Appellant, Russell Dean Wilburn, appeals from the judgment of the Lawrence County Court of Common Pleas denying his motion to withdraw his plea of guilty, entered on September 13, 1982. The appellant raises two assignments of error:
 I. THE COURT ABUSED IT'S [SIC] DISCRETION AND COMMITTED ERROR BY DENYING THE APPELLANT'S REQUEST TO WITHDRAW HIS GUILTY PLEA WHERE SUFFICIENT EVIDENCE WAS SUBMITTED TO DEMONSTRATE "MANIFEST INJUSTICE" RENDERING HIS GUILTY PLEA INVOLUNTARY, UNKNOWING AND UNINTELLIGENTLY MADE REQUIRING THE COURT TO PERMITS IT'S [SIC] WITHDRAWAL.
 II. TRIAL COURT COMMITTED REVERSIBLE ERROR FOR FALLING TO ABIDE BY THE ORIGINAL SENTENCE IMPOSED, BASED ON THE PAROLE BOARDS'S DECISION TO EXTEND APPELLANT'S MAXIMUM SENTENCE BEYOND STATUTORY AUTHORITY.
The appellant entered guilty pleas September 13, 1982, to one count of conspiracy to commit aggravated murder and one count of kidnapping. The trial court sentenced him to serve four to twenty-five years on the conspiracy conviction and two to fifteen years on the kidnapping conviction. Appellant did not appeal the trial court's judgment and is now serving these concurrent sentences.
 I
On September 19, 1996, appellant filed a petition for post conviction relief, moving the trial court to vacate or to set aside his sentence pursuant to R.C. 2953.21. Appellant alleged ineffective assistance of counsel and coercion to enter his prior guilty plea. The trial court overruled appellant's post-conviction relief petition without hearing. The trial court's findings of fact and conclusions of law determined that appellant had failed to demonstrate his representation was constitutionally inadequate or that his guilty pleas were not "knowing, intelligent, and voluntary." On appeal from that ruling, this court upheld the ruling of the trial court. SeeState v. Wilburn, (Oct. 2, 1998), Lawrence App. No. 97CA53, unreported.
We first note that R.C. 2953.23 (A) would forbid a court from entertaining a second post-conviction relief petition in this case except under two limited circumstances set forth in the statute. The petitioner may file a second petition if he establishes that he based his petition on facts he could not discover at the time of the earlier petition. In the alternative, he may file a second petition if he bases that petition on a new federal or state right created by the United States Supreme Court.
However, the appellant based his motion not on statute, but on Crim.R. 32.1:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
A defendant has no absolute right to withdraw his guilty plea.State v. Kinney (Jan. 28, 1997), Ross App. No. 96CA2175, unreported; State v. Xie (1992), 62 Ohio St.3d 521,584 N.E.2d 715, paragraph one of the syllabus. In order to withdraw a guilty plea after the imposition of sentence, a defendant must demonstrate that such withdrawal is necessary to correct a manifest injustice. Crim.R. 32.1; State v. Blatnik (1984),17 Ohio App.3d 201, 202, 478 N.E.2d 1016, 1019.
An abuse of discretion standard is applicable in matters such as the case at a bar. An appellate court will reverse the decision of the trial court to grant or to deny a motion to withdraw a guilty plea only if the trial court abused its discretion. State v. Newland (1996), 113 Ohio App.3d 832, 837-38,682 N.E.2d 678. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Id. at 838. A defendant who wants to withdraw his plea after sentencing must establish the existence of a manifest injustice.State v. Ball (1991), 72 Ohio App.3d 549, 552, 595 N.E.2d 502,503. "[A] defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus. This procedure was developed to discourage a criminal defendant from pleading guilty to test the weight of potential reprisal and later withdrawing the plea if the sentence was unexpectedly severe. State v. Caraballo (1985), 17 Ohio St.3d 66,477 N.E.2d 627; State v. Peterseim (1980), 68 Ohio App.2d 211, 213,428 N.E.2d 863, 865.
 II
Appellant appears to be raising three or four issues in his request to withdraw his plea. He argues ineffective assistance of counsel. He raises allegations that his plea was coerced and not voluntary. He claims possession of new evidence in the form of an affidavit from Walter Riffe, a co-defendant in this matter. Finally, he takes issues with the actions of the Ohio Adult Parole Authority.
Ineffectiveness of trial counsel may constitute manifest injustice. See Hill v. Lockhart (1985), 474 U.S. 52,106 S.Ct. 366, 88 L.Ed.2d 203. If the appellant's plea of guilty had been coerced or was not voluntary, certainly it would follow that that plea amounted to manifest injustice. See Newland, supra. However, both of these issues were raised by the appellant in his prior motion for post conviction relief. The trial court has thoroughly examined both of these issues and found no merit in either issue. We previously reviewed that decision of the trial court and, having found neither error nor abuse of discretion, affirmed the ruling of the court. See Wilburn, supra.
Res judicata will operate to bar consideration of issues that could have been raised on direct appeal. See State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata applies to successive petitions for post conviction relief. It will bar claims of ineffective assistance of counsel raised in such prior petitions. State v. Castro (1979), 67 Ohio App.2d 20,425 N.E.2d 907. It also applies to bar claims formally raised in a federal habeas corpus proceeding. See State v. Apanovitch (1995),107 Ohio App.3d 82, 667 N.E.2d 1041.
We, therefore, decline to review appellant's claim of ineffective assistance of counsel. Nor will we review appellant's claim that his guilty plea was coerced. We hold that the principle of res judicata bars our further consideration of these claims.
 III
Appellant submitted with his motion to withdraw his guilty plea the affidavit of Walter Riffe, his co-defendant. That affidavit indicates the appellant did not have any part in the planning, execution or commission of the murder committed by Walter Riffe. Appellant apparently concedes in his brief that he was present at the time the offenses were committed.
We take note that the trial court dismissed the appellant's motion without hearing. The determination of whether an evidentiary hearing is warranted for a Crim.R. 32.1 motion requires a two step analysis. First, a hearing need only be conducted if the motion is justified; that is, if the facts, as alleged by the defendant, indicate a manifest injustice would occur if the plea of guilty or no contest were not allowed to be withdrawn. Smith; Blatnik; State v. Hamed (1989), 63 Ohio App.3d 5,577 N.E.2d 1111.
Second, it must be determined whether the allegations made by the defendant in support of his motion are conclusively and irrefutably contradicted by the record. If the allegations upon which a Crim.R. 32.1 motion is based are so contradicted by the record, an evidentiary hearing is not required. State v. Legree
(1988), 61 Ohio App.3d 568, 574, 573 N.E.2d 687, 691.
"Newly discovered evidence which purportedly recants testimony given at trial is `looked upon with the utmost suspicion.'" Statev. Isham (Jan. 24, 1997), Montgomery App. No. 15976, unreported. See State v. Germany (Sept. 30, 1993), Cuyahoga App. No. 63568, unreported, citing United States v. Lewis (C.A.6, 1964),338 F.2d 137, 139. As the trial court noted, the statement of a co-conspirator should always be viewed with great trepidation by a court or jury. Hence the affidavit, coming some sixteen years after appellant's guilty plea, and unsupported by any other evidence, was clearly insufficient to justify a hearing.
Appellant's motion to withdraw his plea based on his new evidence is within the competence and discretion of the trial judge, and in the absence of a clear showing of abuse such decision will not be disturbed. See State v. Stumpf (1987),32 Ohio St.3d 95, 105, 512 N.E.2d 598, 608; State v. Williams
(1975), 43 Ohio St.2d 88, 330 N.E.2d 891, paragraph two of the syllabus.
 IV
The fourth issue raised in Appellant's brief is based on the refusal of the parole board to consider his release before 2007. Appellant contends that his sentence has been lengthened beyond the maximum of twenty-five years originally imposed. Appellant claims the action of the Ohio Adult Parole Authority [hereinafter APA] violated the terms of the original plea bargain. While the failure of the state to follow the terms of a plea agreement may be the proper subject for relief under Crim.R. 32.1, it is clear that the appellant complains not about events at trial or sentencing, nor anything to do with his original plea, but solely about his subsequent treatment before the parole board.
This leads directly to our examination of the appellant's Second Assignment of Error. On March 15, 1998, the parole board denied appellant parole. The board informed the appellant that his next review would be in ten years. Appellant claims this extends his maximum sentence, and is, therefore, in violation of the terms of his plea agreement. Appellant also argues that the score sheet used by the parole board was inaccurate, for it was based on the premise that the appellant was convicted of complicity, rather than conspiracy, to commit murder. For these reasons, he argues, he should be allowed to withdraw his plea.
Once a valid sentence is executed, a trial court has no power to modify the sentence except as provided by the General Assembly. See State v. Meister (1991), 76 Ohio App.3d 15,600 N.E.2d 1103; State v. Addison (1987), 40 Ohio App.3d 7,530 N.E.2d 1335. Execution of sentence begins with the delivery of the offender to a penal institution to begin serving a sentence.Columbus v. Messer (1982), 7 Ohio App.3d 266, 455 N.E.2d 519.
Further, it has long been established that Ohio does not give a convicted person a claim of entitlement to parole before the expiration of a valid sentence of imprisonment. See Greenholtz v.Inmates of the Nebraska Penal Correctional Complex (1979),442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668. In Inmates of OrientCorrectional Inst. v. Ohio State Adult Parole Auth. (C.A.6, 1991), 929 F.2d 233, the court stated:
 The statute says that the Ohio Adult Parole Authority "may . . . grant a parole to any prisoner, if in its judgment there is reasonable ground to believe that, if . . . the prisoner is paroled, such action would further the interests of justice and be consistent with the welfare and security of society." Ohio Rev. Code § 2967.03 (emphasis supplied). The grant of discretion contained in this statute is, obviously, very broad indeed. The operative verb is permissive, not mandatory; to say that the Adult Parole Authority "may grant" parole is not to say that it must grant parole.
 There are regulations, as we shall see, that prescribe certain limitations on the affirmative power to grant parole, but those limitations in no way detract from the fact that under Ohio's system, as in the situation considered by the Supreme Court in Olim v. Wakinekona, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983), the decisionmaker "can deny the requested relief for any constitutionally permissible reason or for no reason at all." Id. (emphasis supplied) [further citation omitted]. Where the power of denial is this broad, "the State has not created a constitutionally protected liberty interest." Olim, 461 U.S. at 249, 103 S.Ct. at 1747.
 Inmates of Orient at 236
Hence, the decision to deny parole is not subject to judicial review, either by the trial court or by this court. See State exrel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123,630 N.E.2d 696. This does not leave the appellant without a remedy if, as he suggests, the APA has actually lengthened his sentence beyond the maximum. As the appellee suggests, appellant may file a writ of habeas corpus seeking his immediate release. State ex rel. Pirmanv. Money (1994), 69 Ohio St.3d 591, 594, 635 N.E.2d 26, 30. Appellee further suggests that this remedy is not ripe for consideration until appellant's maximum sentence has expired.Frazier v. Stickrath (1988), 42 Ohio App.3d 114, 115-116,536 N.E.2d 1193, 1194. With this position of appellee, we must disagree.
The Supreme Court of Ohio in Pirman, supra, found that habeas corpus would lie where there is no other adequate legal remedy,e.g., appeal or post conviction relief. Prior to 1995, this writ could not be used to attack the decision of the APA. See Wiremanv. Ohio Adult Parole Auth. (1988), 38 Ohio St.3d 322,528 N.E.2d 173. This is no longer true but would still require a showing of extraordinary circumstances. State ex rel. Jackson v. McFaul
(1995), 73 Ohio St.3d 185, 652 N.E.2d 746. It would appear, therefore, that appellant would still need to establish that he is entitled to immediate release because he has served his maximum sentence before he may bring a habeas corpus action.
Mandamus or a declaratory judgment action may be the more appropriate remedy if the appellant contends that the APA has incorrectly calculated his release date. See State ex rel.Smirnoff v. Green (1998), 84 Ohio St.3d 165, 168, 702 N.E.2d 423,425; Hattie v. Anderson (1994), 68 Ohio St.3d 232, 234,626 N.E.2d 67, 70. Materials submitted with appellant's brief indicate the existence of another sentence from municipal court. From the record before us, it is not possible to calculate the maximum term of all of appellant's sentences, nor whether any "good time" provisions would apply to reduce his sentence. This issue is, however, not before us at this time.
We will note that a petition for habeas corpus must be verified, include with it the prisoner's commitment papers, and be filed in the county of his residence as an original action, not with the trial court. A mandamus action would also be an original action, directed against the Ohio Adult Parole Authority, and would appear to be properly venued in Franklin County.
Appellant's instant appeal is from the denial of his motion to withdraw his guilty plea. Based on our examination of the record, and the decision of the trial court, we find neither error nor abuse of discretion by the lower court.
Accordingly, we OVERRULE both assignments of error.
 JUDGMENT AFFIRMED. JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that the appellee recover of the appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that special mandate issue out of this court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion as to Assignment of Error I; Concurs in Judgment Only as to Assignment of Error II.
Kline, P.J.: Concurs in Judgment Only.
For the Court
 By:__________________________ David T. Evans, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.