OPINION
{¶ 1} Appellant David B. Copeland-Jackson appeals the denial of his motion to withdraw prior pleas in the Ashland County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On March 7, 2000, the Ashland County Grand Jury indicted appellant on two counts of sexual battery in violation of R.C. 2907.03. The victims were two teenage boys, students at Glenwood Academy, a Christian school affiliated with a church in Ashland. On June 16, 2000, appellant pled no contest to two counts of gross sexual imposition in violation of R.C. 2907.05. By judgment entry filed July 24, 2000, the trial court sentenced appellant to a total term of thirty-six months in prison. Appellant filed an appeal therefrom. This Court thereafter affirmed the sentence. See State v. Copeland-Jackson (March 26, 2001), Ashland App. No. 00COA01378. Appellant, on November 26, 2001, filed an application to reopen the appeal, which this Court denied on December 28, 2001.
 {¶ 3} Appellant on February 7, 2002, filed with the trial court a motion to withdraw his pleas of no contest, pursuant to Crim. R. 32.1. The trial court denied the motion without a hearing on March 6, 2002. Appellant timely appealed and herein raises the following sole Assignment of Error:
 {¶ 4} "I. The Trial Court Abused Its Discretion By Not Permitting Appellant To Withdraw His No Contest Pleas."
 I. {¶ 5} In his sole Assignment of Error, appellant contends the trial court abused its discretion by denying his Crim. R. 32.1 motion. We disagree.
 {¶ 6} Crim. R. 32.1 governs the withdrawal of a no contest plea, stating as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." The standard upon which the trial court is to review a request for a change of plea after sentence is whether there is a need to correct a manifest injustice. Our review of the trial court's decision under Crim. R. 32.1 is limited to a determination of whether the trial court abused its discretion. State v. Caraballo (1985), 17 Ohio St.3d 66,477 N.E.2d 627. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus. A hearing on a post-sentence motion to vacate a prior plea is not required unless the facts as alleged by the defendant, if accepted as true, would require the plea to be withdrawn.City of Uhrichsville v. Horne (Dec. 26, 1996), Tuscarawas App. No. 96AP090059 2001.
 {¶ 7} As an initial matter, we note appellant's motion to withdraw plea of February 7, 2002, appears to raise several issues that could have been raised in a petition for post-conviction relief, the statutory time frame for which has since passed, absent a proper application for a delayed petition. See R.C. 2953.21(A)(2). Nonetheless, we adhere to the recent Ohio Supreme Court holding that post-conviction relief pursuant to R.C. 2953.21 is a remedy independent of Crim. R. 32.1. See State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, syllabus. However, we hold Bush does not vitiate the proposition that the length of passage of time between the entry of a plea and a defendant's filing of Crim. R. 32.1 motion (in this case nearly twenty months) is a valid factor for consideration in addressing the overall question of whether a "manifest injustice" has occurred. See. e.g., State v. Ball (1991),72 Ohio App.3d 549, 552, 595 N.E.2d 502.
 {¶ 8} Appellant's motion to withdraw plea runs forty-three pages. Appellant added exhibits designated "A" through "Q," pertaining to his claimed alibi and proposed defenses, including four self-executed affidavits. Despite his prior no contest plea, he claimed to be "innocent in fact and legally not guilty" of the gross sexual imposition offenses. Appellant proposed three bases for his claim of manifest injustice: (1) ineffective assistance of trial counsel; (2) unconstitutional proceedings and lack of subject matter jurisdiction by the trial court; and (3) ineffective assistance of appellate counsel. Appellant's arguments on appeal follow in similar fashion. However, we herein will focus on the first two only; appellant's claim of ineffective assistance of appellate counsel is outside the scope of our direct appeal review of a Crim. R. 32.1 ruling, and, moreover, is subject to res judicata based on appellant's prior unsuccessful motion to reopen the direct appeal of his conviction.
 {¶ 9} In regard to the original indictment, appellant summarizes his claims pertaining to ineffective assistance of trial counsel as follows:
 {¶ 10} "Appellant contends that had his criminal defense strategy been developed and presented, it would have affirmatively shown: (1) that Appellant was not in Ashland County to commit the alleged offense; (2) that Appellant was not a teacher or person in authority as a matter of law; (3) that Appellant was not employed or otherwise serving at Glenwood or the church; (4) and that Glenwood was not a school as a matter of law. These facts negate the existence and applicability of the statutory elements that constitute the indicted offenses ORC 2907.03(A)(7), for which no proof could be presented at trial to meet the beyond reasonable doubt evidentiary standard to secure Appellant's conviction before a judge or jury." Appellant's Brief at 14.
 {¶ 11} However, appellant actually pled no contest to two amended counts under R.C. 2907.05(A)(5), which states: "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies: * * * The ability of the other person to resist or consent or the ability of one of the other persons to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the ability to resist or consent of the other person or of one of the other persons is substantially impaired because of a mental or physical condition or because of advanced age." In regard to the amended counts, appellant essentially argues that the bill of information left out references to "advanced" age and the scienter language of R.C. 2907.05(A)(5).
 {¶ 12} However, the procedural history of this case indicates that appellant entered his negotiated plea to the two reduced fourth-degree felonies in lieu of facing two third-degree sexual battery felonies under R.C. 2907.03. While he labels his experience a "legal sham," and indeed points out transcript colloquy wherein his trial counsel, three days before trial, expressed concerns about being able to zealously represent appellant (see Transcript of June 13, 2000 hearing, at 4), this Court must also recognize that appellant unambiguously entered his plea with the full benefit of the trial court's efforts to ensure this was done in a knowing, voluntary, and intelligent manner. Crim. R. 11 sets forth the manner in which a trial court affirmatively determines that a defendant's entry of a plea comports with the constitutional standards set forth under Ohio law. See State v. Stowers (Jan. 31, 1985), Cuyahoga App. No. 48572, citing State v. Billups (1979), 57 Ohio St.2d 31, 385 N.E.2d 1308. Our review of the record of the June 16, 2000 change of plea hearing affirmatively shows the trial judge complied with Crim. R. 11 in accepting appellant's plea. In Smith, supra, the Ohio Supreme Court, citing UnitedStates v. Semel (C.A.4, 1965), 347 F.2d 228, addressed the concept of "manifest injustice," stating that "[t]his term [manifest injustice] has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." Id. at 264. Furthermore, "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *" State v. Peterseim (1980),68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting Kadwell v. UnitedStates (C.A. 9, 1963), 315 F.2d 667.
 {¶ 13} Upon review of the record in this matter, we are unpersuaded the trial court abused its discretion in declining to find a manifest injustice warranting the extraordinary step of negating appellant's plea twenty months after the entry thereof.
 {¶ 14} Appellant's sole Assignment of Error is overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby affirmed.
Gwin, P.J., and Boggins, J., concur.