OPINION
{¶ 1} Glen Smith appeals from his conviction in the Fairborn Municipal Court of operating a motor vehicle while under the influence of alcohol. He had been convicted twice before in the previous six years. *Page 2 
 {¶ 2} Smith was charged on December 18, 2007, and he entered his guilty plea to the charge on April 21, 2008. The court sentenced Smith to a year in jail with 180 days suspended, three years license suspension, and forfeiture of his automobile. On April 30, 2008, Smith moved to withdraw his guilty plea because he claimed his lawyer promised that he would receive probation if he entered the guilty plea.
 {¶ 3} Smith testified at the motions hearing that he did not believe he was under the influence of alcohol when he was stopped by the Ohio State Trooper. Smith testified that he was recently retired from the United States Air Force because of a medical disability, to-wit, hypomanic bipolar disorder. He testified he hired a lawyer, David Grieshop, who advised him to enter a 31-day in-patient program at the Veterans Administration Facility and the judge would give him credit for completing the program and thus avoid any jail time. (Tr. 9.) Smith testified he learned from Grieshop on the day of sentencing that he would not receive credit for the Veterans Administration program but would in fact be incarcerated. Smith testified he told Grieshop he wanted to go to trial because he could not afford to be convicted and sent to jail because he would lose his job and his home. Smith testified Grieshop told him if he went to trial, "I would lose and I would get a year in jail." (Tr. 12.) On cross-examination, Smith said he recalled some of what the judge explained to him at the time of his plea but was mostly in shock because of what Grieshop revealed to him just prior to the plea. (Tr. 19.)
 {¶ 4} At the conclusion of Smith's testimony, the trial judge stated she would take the matter under advisement and review the transcript of the plea hearing. After reviewing it, the trial court found that Smith had failed to meet his burden of proving that it would be manifestly unjust to deny him an opportunity to withdraw his former guilty *Page 3 
plea in this matter. The trial judge noted she had reviewed with Smith the rights he was waiving by entering his guilty plea and the consequences of his doing so. She noted that Smith told the court he was satisfied with the representation he had received from his counsel, and no one was forcing him to enter his plea. She noted he admitted he was wrong when he chose to drink and drive. She noted he admitted he knew before entering the guilty plea he would likely receive a six-month sentence.
 {¶ 5} In a single assignment of error, Smith argues that the trial court abused its discretion in denying his motion. He contends that he received the ineffective assistance of counsel when his counsel misadvised him of the sentence he would receive and therefore he could not enter a free and voluntary plea when informed that his counsel's advice was mistaken.
 {¶ 6} The State, for its part, argues that the record demonstrates that Smith knew what sentence would be imposed by the court when he entered his plea and no one forced him to change his plea to guilty.
 {¶ 7} Smith argues the trial court erred in overruling his motion to withdraw his guilty plea pursuant to Crim. R. 32.1. We have the authority to review a trial court's denial of a post-sentence motion to withdraw a guilty plea using an abuse of discretion standard. State v. Blatnik
(1984), 17 Ohio App.3d 201, 478 N.E.2d 1016, 1019. State v. Amison
(1965), 2 Ohio App.2d 390, 208 N.E.2d 769. "The term `abuse of discretion' connotes more than an error or law of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blatnik, supra, at 1019 citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140
 {¶ 8} The burden rests with Defendant-Appellant to meet the requisite standard, *Page 4 
manifest injustice, for withdrawal of a guilty plea subsequent to sentencing. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1342. To rise to the level of manifest injustice the Defendant must prove "a showing of extraordinary circumstances." State v. Hartzell (August 20, 1999), Montgomery App. No. 17499, citing State v. Smith, supra. This court has explained, "a `manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." Id. At 2. See also State v. Grigsby, Greene App. No. 02CA16, 2003-Ohio-2823, at ¶ 19. "A motion to withdraw a plea of guilty or no contest is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court." Grigsby at ¶ 19. Further, the Supreme Court has instructed that the post-sentence withdrawal of a guilty plea should only be permitted in extraordinary cases and the "standard rests upon practical considerations important to the proper administration of justice, and seeks to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment."Smith, supra, at 264.
 {¶ 9} Smith cites a federal appellate case in support of his assignment. Julian v. Bartley (7th Cir. 2007),495 F.3d 487. In that case the Seventh Circuit held that Julian, who was misadvised by his counsel that he "couldn't get anything more than 30" if he pleaded guilty to robbery when the defendant faced 60 years based on his prior armed robbery conviction, was denied the effective assistance of counsel guaranteed him by the Sixth Amendment. The court noted that although a mistaken prediction by counsel is not sufficient to show deficient performance, in some cases it may be such a gross *Page 5 
mischaracterization that it provides a "strong indication of constitutionally deficient performance," citing United States v.Martinez (7th Cir. 1999), 169 F.3d 1049.
 {¶ 10} We have reviewed the record of Smith's plea. The court carefully advised Smith of the consequences of his guilty plea. Smith was asked by the court if he was satisfied with his representation by Mr. Grieshop. He replied that he was. (Tr. 4.) He denied that anyone was forcing him to enter his plea. Smith apologized to the court for the offense. He explained that he had been sober for four years but had recently become depressed as a result of a bipolar disorder. He admitted he had made a bad choice by drinking the night of his arrest. He informed the court he had received help through the Veterans Administration. He expressed a willingness to go into the Greene Leaf Program in a secure facility but also expressed concern he would lose his job and his home. The court then imposed the 180-day sentence.
 {¶ 11} It is noteworthy that Mr. Grieshop did not testify. In any event, Smith knew before he entered his plea that his stay in the Veterans Administration program would not prevent the court from imposing a sentence up to a year in jail. He never informed the court of Grieshop's advice to him and he indicated he was satisfied with Grieshop's representation. The record discloses that Smith entered a knowing and voluntary plea to the charge. He has consequently failed to demonstrate that it was manifestly unjust for the court to have denied his motion to vacate his plea. The court did not abuse its discretion in denying his motion. The assignment of error is Overruled.
 {¶ 12} The judgment of the trial court is Affirmed.
DONOVAN, P.J., and GRADY, J., concur.
Copies mailed to:
Betsy A. Deeds
Jon Paul Rion
 Hon. Beth W. Root *Page 1