THE STATE, EX REL. MAPSON, APPELLANT, *v.*
OHIO ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as State, ex rel. Mapson, *v.* Ohio Adult Parole Auth. (1989),
41 Ohio St. 3d 16.]

(No. 88-1673—Submitted January 10, 1989—Decided March 15, 1989.)

*David Mapson, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Allen P. Adler,* for appellee.

*Per Curiam.* Appellant alleges that the parole board retaliated for his filing of a civil complaint against the officials of the Marion Correctional Institution by denying him parole. In denying the writ of mandamus, the court of appeals determined that there was insufficient evidence that the board's decision was motivated, in whole or in part, by vindictive considerations. We agree.

A writ of mandamus will not issue when the relator does not demonstrate that he has a clear legal right to the relief sought. *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81. The only evidence that supports appellant's argument is the fact that appellant did, in fact, file a lawsuit and the parole board did deny him parole thereafter, as alleged in his affidavit filed in support of the complaint in mandamus. However, nothing else in the record before this court demonstrates that a board member inquired as to the lawsuit or used that information[1] in reaching the decision to deny parole.[2]

---

[1] Appellant's civil rights complaint was dismissed on September 9, 1986 — seven months prior to his second parole eligibility hearing.

[2] After the April 13, 1987 parole eligibility hearing, the parole board denied appellant's parole for the following reasons:
"1. There is substantial reason to

Accordingly, appellant has failed to establish a clear right to the relief prayed for, and the judgment of the court of appeals; denying the writ, is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

believe that the inmate will engage in further criminal conduct, or that the inmate will not conform to such conditions of release as may be established under Administrative Rule 5120:1-1-12;

"2. There is substantial reason to believe that, due to the serious nature of the crime, the release of the inmate into society would create undue risk to public safety, or that, due to the serious nature of the crime, the release of the inmate would not further the interest of justice nor be consistent with the welfare and security of society;

"* * *

"4. There is need for additional information upon which to make a release decision at the *next* hearing." (Emphasis *sic*.)