THE STATE, EX REL. ADKINS, APPELLANT, *v.*
CAPOTS, CHAIRMAN, ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as State, ex rel. Adkins, *v.* Capots (1989), 46 Ohio St. 3d 187.]

(No. 89-712—Submitted August 29, 1989—Decided November 15, 1989.)

*James Adkins, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *Allen P. Adler,* for appellee.

*Per Curiam.* We agree with the court of appeals that appellant can establish no clear right to relief requested nor any clear duty of appellee to provide that relief. Since the issue was considered on a motion to dismiss under Civ. R. 12(B)(6), we necessarily construe the facts in appellant's complaint as true. *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 192, 532 N.E. 2d 753, 756. Therefore, appellee concedes using the guidelines to review appellant's case, but does not concede that the guidelines are unconstitutional or an abuse of discretion, since legal conclusions are not admitted by a motion to dismiss. *Id.* at 193, 532 N.E. 2d at 756.

In *State, ex rel. Blake,* v. *Shoemaker* (1983), 4 Ohio St. 3d 42, 4 OBR 86, 446 N.E. 2d 169, we held that R.C. 2967.03, the parole statute, provides no expectancy of parole. Therefore, at most, appellant could have proved that the guidelines were unconstitutional or unconstitutionally applied, but such a showing would not have entitled him to a rehearing at any specific time or under any specific guidelines. Moreover, we hold that declaratory judgment is an adequate remedy at law in this case, as it would have afforded a complete remedy in determining the constitutionality or constitutional application of the guidelines. See *State, ex rel. Fenske,* v. *McGovern* (1984), 11 Ohio St. 3d 129, 11 OBR 426, 464 N.E. 2d 525, paragraph two of the syllabus.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.