12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Otis L. RODGERS, Petitioner-Appellant,
v.
Raymond E. CAPOTS, Respondent-Appellee.
 No. 93-3397.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1993.
 
 1
 Before: MARTIN and RYAN, Circuit Judges, and MATIA, District Judge.*
 
 ORDER
 
 2
 Otis L. Rodgers, a pro se Ohio state parolee, appeals from a district court dismissal without prejudice of a petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Rodgers and two co-defendants were convicted by a jury of two counts of kidnapping and three counts of gross sexual imposition and were sentenced to twenty to sixty-five years of imprisonment. On direct appeal, their sentences were reduced to fifteen to sixty-five years. Because the co-defendants were female, they were sentenced to the reformatory, became eligible for parole in 1985, and were paroled in 1986 and 1987. Rodgers, being a male over the age of thirty, was sentenced to the penitentiary. He did not become eligible for parole until 1992, shortly after filing this petition in the district court, when he was paroled to the custody of Arizona officials to begin serving a ten year sentence in that state. He alleged in this petition that the parole eligibility regulations violated the Equal Protection Clause because they were based on sex, age and race. The reason for the race discrimination claim is not clear.
 
 
 4
 Rodgers has attempted to raise this issue in the Ohio courts by filing a habeas corpus petition under Ohio Rev.Code Sec. 2725, which was dismissed as an inappropriate remedy, and also apparently by filing an action in the Ohio Court of Claims, which was dismissed for lack of jurisdiction. The district court dismissed this petition for failure to exhaust state court remedies, specifically a mandamus action under Ohio Rev.Code Sec. 2731.01. Rodgers argues on appeal that he has exhausted the proper remedy in the state courts by filing the habeas action, or alternatively that further state court actions would be moot due to his parole or would be futile.
 
 
 5
 Upon review, we conclude that this petition was properly dismissed, as Rodgers has not demonstrated that the Ohio courts have had the opportunity to rule on the alleged constitutional violations. See Prather v. Rees, 822 F.2d 1418, 1420 & n. 3 (6th Cir.1987).
 
 
 6
 Rodgers relies on Brewer v. Dahlberg, 942 F.2d 328 (6th Cir.1991), as authority for his argument that a habeas action was the proper state court remedy. This court held in Brewer, 942 F.2d at 338, that habeas was the proper remedy because the petitioner was asserting a lack of jurisdiction, the only cognizable claim in an Ohio habeas action. Rodgers is not alleging that the Parole Board lacks jurisdiction over him. Furthermore, requiring Rodgers to exhaust state remedies has not become moot due to his parole, as he has requested final release from his sentence as relief. See id., at 335.
 
 
 7
 Finally, Rodgers argues that it would be futile to attempt to exhaust any further remedies. He particularly argues that mandamus is not the proper remedy in this case. In State ex rel. Adkins v. Capots, 546 N.E.2d 412 (Ohio 1989) (per curiam), the Ohio Supreme Court found that a declaratory judgment action, rather than a mandamus petition, was the proper remedy to determine the constitutionality of the parole guidelines. Id. at 413. At any rate, the fact that the state's remedial processes are open to interpretation does not render the state processes futile. See Brewer, 942 F.2d at 340; Williams v. Perini, 557 F.2d 1221, 1224 (6th Cir.1977).
 
 
 8
 Because Rodgers has not exhausted his state court remedies, the dismissal without prejudice of this petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, U.S. District Judge for the Northern District of Ohio, sitting by designation