[This opinion has been published in *Ohio Official Reports* at 68 Ohio St.3d 232.]

HATTIE, APPELLANT, *v.* ANDERSON, WARDEN, ET AL., APPELLEES.

[Cite as *Hattie v. Anderson*, 1994-Ohio-517.]

*Criminal procedure—Parole—Parole authority possesses discretion to rescind an unexecuted order for a prisoner to receive parole at a future date without providing a hearing—Habeas corpus unavailable to challenge parole conditions which are restrictive of petitioner's liberty—Declaratory judgment proper remedy to determine constitutionality or constitutional application of parole guidelines.*

(No. 92-2130—Submitted November 16, 1993—Decided February 9, 1994.)

APPEAL from the Court of Appeals for Lorain County, No. 92CA005410.

————————————

{¶ 1} Appellant, Terrence W. Hattie, an inmate at Grafton Correctional Institute, filed a complaint for habeas corpus and mandamus in the Lorain County Court of Appeals which named Warden Carl Anderson and Ohio Parole Board Chairman Raymond Capots, appellees herein, as respondents. Appellant claimed that he was being "detained and imprisoned illegally" because his parole had been rescinded and subsequently denied by the Ohio Adult Parole Authority ("APA"). Appellant asserted that his parole conditions violated his "substantial rights" and were "specifically intended to divest" a domestic relations court of jurisdiction over visitation issues concerning appellant's children. The complaint incorporated by reference a brief and an addendum, which noted the following.

{¶ 2} In 1983, appellant was convicted of aggravated robbery and felonious assault. He was sentenced to concurrent indeterminate terms of four to twenty-five and two to fifteen years on those charges. He was granted shock probation, but that probation was revoked in 1988 when he violated various conditions of his probation. In January 1992, the APA granted appellant parole, effective on March

13, 1992, in exchange for his agreement to several parole conditions, including an agreement to "comply with all orders" of his parole officer and to complete a sex offenders' program. After his parole officer advised appellant that he would have to reside at a halfway house and receive child abuse counseling as additional conditions of his parole, appellant sent a letter dated February 15, 1992 to the parole officer, which asked him to reconsider imposition of those additional conditions. In his letter, appellant stated that he had been awarded visitation rights with his children and that the new conditions could result in a termination of his visitation rights and additionally prevent him from obtaining employment. Appellant denied ever abusing his children.

{¶ 3} In response to appellant's letter, the APA rescinded its previous parole decision on March 10, 1992, *i.e.*, three days prior to appellant's scheduled parole date. In a May 15, 1992 letter, the APA noted that appellant's previous criminal record, which it stated included a charge of rape as well as a 1987 incident in which it was alleged that he had sexual contact with his stepdaughter, had justified his classification as a sex offender and the concomitant special parole conditions. The APA further stated that it had rescinded appellant's parole because "the attitude" exhibited in appellant's February 15, 1992 letter to his parole officer indicated that he "still represented a great risk to society."

{¶ 4} Appellees filed a Civ.R. 12(B)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. That motion contained several attached exhibits, including a 1988 probation violation report. Appellant filed several additional pleadings, including a motion for summary judgment. On September 25, 1992, the Lorain County Court of Appeals entered a judgment which overruled appellant's summary judgment motion and granted appellees' Civ.R. 12(B)(6) dismissal motion. The court determined that (1) the APA's action was not reviewable by habeas corpus; and (2) appellant was not entitled to mandamus

because he had not demonstrated that he had a clear legal right to the requested relief. The cause is before this court upon an appeal as of right.

————————————

*Terrence W. Hattie*, pro se.

*Lee Fisher*, Attorney General, and *Paul J. Buser*, Assistant Attorney General, for appellees.

————————————

**Per Curiam.**

{¶ 5} Appellant's first proposition of law asserts that habeas corpus and/or mandamus is available against the APA because it rescinded an order granting parole out of vindictiveness and in retaliation for his questioning the conditions of parole. R.C. 2967.03 vests discretion in the APA to "grant a parole to any prisoner, if in its judgment there is reasonable ground to believe that * * * such action would further the interests of justice and be consistent with the welfare and security of society." However, R.C. 2967.03 creates no expectancy of parole or a constitutional liberty interest sufficient to establish a right of procedural due process. *State ex rel. Adkins v. Capots* (1989), 46 Ohio St.3d 187, 188, 546 N.E.2d 412, 413; *State ex rel. Blake v. Shoemaker* (1983), 4 Ohio St.3d 42, 4 OBR 86, 446 N.E.2d 169, citing *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex* (1979), 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668. Therefore, the APA possesses discretion to rescind an unexecuted order for a prisoner to receive parole at a future date without providing a hearing. *Jago v. Van Curen* (1981), 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13.

{¶ 6} Appellant essentially contends that the APA abused its discretion in rescinding its prior unexecuted order for him to receive parole only after he wrote a letter questioning parole conditions. Initially, it must be determined if such a contention is cognizable in a habeas corpus action. In Ohio, a writ of habeas corpus is available to a petitioner to review an action taken by the APA where the petitioner

claims that (1) his sentence and parole have already been served; (2) because the judgment of the sentencing court has already been satisfied, it no longer has jurisdiction over him; and (3) therefore, the APA no longer has custody over him and did not have the authority to reincarcerate him under his satisfied sentence. *King v. Dallman* (1993), 85 Ohio App.3d 43, 45, 619 N.E.2d 66, 67-68, citing *Brewer v. Dahlberg* (C.A. 6, 1991), 942 F.2d 328, 340. In other words, where appellant does not attack the jurisdiction of the court, habeas corpus does not lie to review the action of the APA. *Stahl v. Shoemaker* (1977), 50 Ohio St.2d 351, 355, 4 O.O.3d 485, 488, 364 N.E.2d 286, 288. Since appellant failed to contend that the sentencing court lacked jurisdiction over him, his habeas corpus action was properly dismissed by the court of appeals. *Ellis v. McMackin* (1992), 65 Ohio St.3d 161, 162, 602 N.E.2d 611, 612; *King, supra.*

{¶ 7} However, appellant's petition was not limited to habeas corpus; he also sought a writ of mandamus. Appellant asserts that he has a clear legal right to release where his continued incarceration resulted from retaliation and/or vindictiveness for challenging the constitutionality of the conditions of his parole. Appellant cites two cases which recognize the right to federal habeas corpus relief where the parole board's decision is motivated by vindictiveness rather than appropriate considerations. *Weinstein v. United States Parole Comm.* (C.A.9, 1990), 902 F.2d 1451; *Thompson v. Armontrout* (C.A.8, 1986), 808 F.2d 28. We have implicitly recognized the right to mandamus when the APA's decision is motivated by vindictive considerations. *State ex rel. Mapson v. Ohio Adult Parole Auth.* (1989), 41 Ohio St.3d 16, 535 N.E.2d 296. This is appropriate: a petitioner should have *some* remedy available to review APA decisions where the right to habeas corpus is precluded.

{¶ 8} Assuming the availability of mandamus under these special circumstances, the issue is whether the court of appeals erred in dismissing appellant's mandamus claim for relief pursuant to Civ.R. 12(B)(6). Civ.R. 12(B)(6)

4

motions attack the sufficiency of the complaint and may not be used to summarily review the merits of a cause of action in mandamus. *State ex rel. Horwitz v. Cuyahoga Cty. Court of Common Pleas, Probate Div.* (1992), 65 Ohio St.3d 323, 325, 603 N.E.2d 1005, 1007; see, also, *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 551, 605 N.E.2d 378, 383. The court of appeals determined that, based upon *Mapson*, appellant had not established a clear legal right to the requested relief. However, *Mapson* involved a consideration by the court of appeals on the merits after factfinding rather than on a dismissal motion. Nevertheless, upon an independent review of the merits, cf., *e.g.*, *State ex rel. Cheren v. Akron Chief of Police* (1993), 67 Ohio St.3d 461, 619 N.E.2d 1024, appellant's own addendum to his complaint, which he incorporated therein, indicates that the APA considered his prior charges, including a prior rape charge in imposing the parole conditions. See *Hemphill v. Ohio Adult Parole Auth.* (1991), 61 Ohio St.3d 385, 575 N.E.2d 148, noting that other alleged crimes which do not result in charges may be considered by the APA in parole decisions. The addendum further indicates that the APA acted not out of vindictiveness but because of a concern that appellant would be a risk to society, *i.e.* it could be inferred that he would have difficulty complying with his parole officer's orders, although he had previously promised to comply with all such orders as a condition of his parole. Appellant's letter specifically asked: "How am I supposed to do 2 years parole under the supervision of an officer who has placed such substantial restrictions on me * * * ?" Under these limited circumstances, it is apparent that appellant cannot establish a clear legal right to the requested relief, or a clear legal duty on the part of appellees to provide it. Mandamus is not appropriate where it is apparent by appellant's own statement that he would have difficulty complying with the agreed parole conditions. Therefore, upon an independent review of the merits, the mandamus claim lacks merit. No reason exists to return the case to the court of appeals for its further consideration.

{¶ 9} Appellant's second proposition of law asserts that habeas corpus is available against the APA for imposition of parole conditions which unduly restrict fundamental constitutional rights. Habeas corpus is not the proper remedy to address every concern a prisoner has about his legal rights or status. *Rodgers v. Kapots* (1993), 67 Ohio St.3d 435, 436, 619 N.E.2d 685, 686. Habeas corpus is unavailable to complain about parole conditions which are restrictive of the petitioner's liberty. *Stahl*, *supra*. A declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines. *Adkins*, *supra*. Similarly, habeas corpus is not available to question the constitutionality of parole conditions. Therefore, appellant's second proposition of law is also without merit.

{¶ 10} Accordingly, for the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.

_____