JOURNAL ENTRY AND OPINION
Relator is incarcerated at the Southern Ohio Correctional Facility (SOCF). In 1994, relator pled guilty to an amended charge of robbery with a violence specification and was sentenced for a term of three years to fifteen years in prison in State v. Sansom, Cuyahoga County Court of Common Pleas Case No. CR-311107.
Relator has maximum security status. Relator avers that respondent Adult Parole Authority (APA) has a policy that no inmate who has maximum security status is eligible for parole. He further avers that, at the time of sentencing, [i]t was * * * promised that Relator would be `eligible for parole release', and would retain that `Eligibility' right in his 3-15 year sentence. Complaint, par. 5.
Relator argues, inter alia, that the application of the APA policy prohibiting the release of prisoners in maximum security prior to the expiration of their sentences violates his constitutional rights to due process and equal protection. He also argues that the APA's refusal to order his release is a breach of the contract made at the time he entered his plea. Relator requests that this court issue a writ of mandamus compelling respondents (APA, the director of the Ohio Department of Rehabilitation and Correction (ODRC), the APA chairperson, the deputy director of the APA and the warden of SOCF) to release relator on parole.
Respondents have filed a motion to dismiss asserting that the complaint fails to state a claim in mandamus. We agree and, for the reasons stated below, dismiss this action.
In State ex rel. Seikbert v. Wilkinson (1994), 69 Ohio St.3d 489,633 N.E.2d 1128, the Supreme Court affirmed the dismissal of an action in mandamus filed in the court of appeals. Seikbert requested that the court of appeals compel the director of ODRC and the APA chairperson to release him from state custody. Seikbert assert[ed] that the court of appeals erred in dismissing his complaint for a writ of mandamus since the APA ignored his plea agreement by failing to release him on parole after his minimum term of incarceration had expired. Id. at 490.
The Supreme Court rejected Seikbert's argument.
 R.C. 2967.03 vests discretion in the APA to "grant a parole to any prisoner, if in its judgment there is reasonable ground to believe that * * * such action would further the interests of justice and be consistent with the welfare and security of society." However, R.C. 2967.03 creates no expectancy of parole or a constitutional liberty interest sufficient to establish a right of procedural due process. Hattie v. Anderson (1994), 68 Ohio St.3d 232, 233, 626 N.E.2d 67, 69; State ex rel. Adkins v. Capots (1989), 46 Ohio St.3d 187, 188, 546 N.E.2d 412, 413. In other words, Ohio law gives a convicted person no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment. Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth. (C.A.6, 1991), 929 F.2d 233, 235.
 Seikbert does not contend that his criminal sentence has expired or that the APA's decision not to grant parole was motivated by vindictiveness rather than appropriate considerations. See Hattie, supra. Instead, Seikbert claims that a plea agreement has been breached and that he is thereby entitled to specific performance of the agreement, i.e., release on parole, since he has served his four-year minimum term of imprisonment.
Id. at 490.[1]
In Seikbert, therefore, the Supreme Court rejected arguments which are comparable to those raised by relator. As a consequence, we must conclude that the complaint in this action also does not state a claim upon which relief can be granted. Relator does not aver that his sentence has expired. Seikbert reaffirms that Ohio law does not create a right to release from prison under these circumstances.
Likewise, under Seikbert, relator's argument that his plea agreement is enforceable under the principles of contract law also fails. * * * Seikbert possesses an adequate legal remedy to rectify any alleged breach of the plea agreement by filing a motion with the sentencing court to either withdraw his previous guilty plea pursuant to Crim.R. 32.1 or specifically enforce the agreement. See, e.g., State v. Mathews (1982),8 Ohio App.3d 145, 8 OBR 202, 456 N.E.2d 539. Id. at 491. In this action, relator has not averred that he has attempted to invoke either of the remedies identified in Seikbert.
We recognize that this court recently held: A plea agreement is a contract which should be as binding on the state as on the defendant. The OAPA is an agency of the state which must honor the state's agreements. Vendrick v. Ohio Adult Parole Auth. (Feb. 21, 2002), Cuyahoga App. No. 80030, unreported, at 6-7. In Vendrick, the court of common pleas dismissed an action in declaratory judgment against the APA and the prosecuting attorney. Vendrick asked the common pleas court to declare his rights and obligations under a plea agreement with the State of Ohio. Id. at 1. The Vendrick court noted that there is a difference of opinion among the districts of the court of appeals and that the issue is currently pending before the Supreme Court of Ohio under an order certifying a conflict. See Layne v. Ohio Adult Parole Auth. (2001),93 Ohio St.3d 1448, 756 N.E.2d 113.
Vendrick does not, however, require that we grant relief in mandamus for relator. Rather, Vendrick demonstrates not only that relator has other remedies but also that any right to relief is less than clear. That is, the conflict among the districts of the court of appeals indicates that relator does not have a clear right to relief in mandamus to compel the APA to release him on parole.
Additionally, relator effectively seeks discharge from incarceration.
 [M]andamus is not the appropriate remedy to effect the desired relief, relator's immediate discharge from prison * * *. The Supreme Court of Ohio has held that "habeas corpus, rather than mandamus, is the appropriate action for persons claiming entitlement to immediate release from prison." State ex rel. Lemmon v. Ohio Adult Parole Authority (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347. See, also, State ex rel. Johnson v. Ohio Parole Board (1997), 80 Ohio St.3d 140, 684 N.E.2d 1227, and State ex rel. Smith v. Yost (1998), 81 Ohio St.3d 111, 689 N.E.2d 565.
State ex rel. Nelson v. Moore (Nov. 22, 2000), Cuyahoga App. No. 78709, unreported, at 2, quoted in State ex rel. Miller v. Griffin (Mar. 22, 2001), Cuyahoga App. No. 78948, unreported, at 2-3. Relief in mandamus would not be appropriate in this action because relator claims a right to release from prison on parole.
Likewise, in the Affidavit in Support accompanying the complaint, relator merely avers that he swear[s] and testif[ies] the forgoing motion, and exhibits are actual true facts and statements. The absence of facts specifying the details of the claim required by Loc.App.R. 45(B)(1)(a) is a ground for dismissal. See, e.g., State ex rel. White v. Suster (Aug. 3, 2000), Cuyahoga App. No. 77894, unreported.
Additionally, venue is not appropriate because respondents' principal offices are not located in Cuyahoga County. See, e.g.: State ex rel. Ranzy v. Mitchell (Oct. 1, 1998), Cuyahoga App. No. 74873, unreported; State ex rel. McCool v. Callahan (Jan. 15, 1998), Cuyahoga App. No. 73560, unreported.
Accordingly, respondents' motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
PATRICIA A. BLACKMON, P.J., and ANN DYKE, J., CONCUR.
[1] Currently, R.C. 2967.03 currently provides, in pertinent part:
 The authority may * * * grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society.
Although the general assembly has amended this portion of R.C. 2967.03
since Seikbert, those amendments do not affect the holding in Seikbert.