OPINION
{¶ 1} Defendant-appellant, Arnold J. Calhoun, appeals from the December 10, 2002 decision and entry of the Franklin County Court of Common Pleas denying appellant's Crim.R. 32.1 motion to withdraw his guilty plea. For the reasons that follow, we affirm the decision and judgment entry of the trial court.
 {¶ 2} On April 18, 1994, appellant was indicted on one count of kidnapping, one count of felonious sexual penetration, and one count of rape. On October 18, 1995, pursuant to a plea agreement, appellant entered a guilty plea to attempted rape and was sentenced to 7 to 15 years incarceration.
 {¶ 3} In May 2002, appellant appeared before the Ohio Adult Parole Authority ("APA"). The APA assigned appellant an offense category score of 10 and a criminal history/risk score of three, making appellant eligible for parole in 12½ to 17½ years.
 {¶ 4} On October 25, 2002, appellant, acting pro se, filed a motion to withdraw his guilty plea, pursuant to Crim.R. 32.1. In his motion, appellant alleged that the State, through the APA, violated the terms of his plea agreement because the parole board in applying the parole guidelines chart enacted in March 1998, moved appellant from a category eight (attempted rape) to a category 10 (rape), which would require appellant to serve 12½ to 17½ years before release would be considered. Category eight would require appellant to serve less time, to wit: seven to nine years before release would be considered. Appellant argued that the State failed to fulfill its part of the plea agreement, and, as such, he should be permitted to withdraw from the plea agreement as well.
 {¶ 5} On December 10, 2002, the trial court, in denying appellant's motion, concluded that the APA has the discretion to determine when to grant or deny parole and that appellant was not permitted to withdraw his guilty plea. It is from this entry that appellant appeals, assigning the following as error:
[I.] A. The appellant was denied substantive due process and equal protection of law when the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea, when the Adult Parole Authority (APA) breach the plea agreement by assigning appellant, for purposes of parole eligibility, an offense category score based on the alleged underlying criminal activity rather than the offense to which appellant was convicted.
[II.] B. The trial court abused its discretion in denying appellant's motion to withdraw his plea when it found that fourteen (14) year seven (7) months of parole ineligibility, of a maximum fifteen (15) year sentence, was not in violation of former R.C. 2967.13(A).
[III.] C. Appellant was denied due process and equal protection of law when the trial court abused its discretion in denying appellant's motion to withdraw his guilty plea while allowing the appellee to run afoul of a judicially sanctioned plea agreement.
[IV.] D. The trial court abused its discretion in denying appellant's motion to withdraw his plea when it found that the APA could determine that appellant was ineligible for parole by using the rape count with which appellant had been charged and not the attempted rape count to which he plead, resulting in substantially more time to be served before appellant could be considered for release on parole than would have been required had he been assigned scores according to the offense of conviction.
[V.] E. The appellant was denied due process and equal protection, when the trial court abused its discretion by dismissing appellant's motion to withdraw his guilty plea without holding an evidentiary hearing to determine if the implied terms of the negotiated plea, included the understanding that appellant could expect to receive parole consideration, based on his conviction, after serving the front end of the sentence, less good time credit.
 {¶ 6} Appellant's five assignments of error center on the trial court's denial of his motion to withdraw his guilty plea. However, we will address appellant's fourth assignment of error first.
 {¶ 7} In his fourth assignment of error, appellant argues that the APA allegedly misapplied the parole guidelines, which resulted in an increase in the minimum eligibility requirements for his parole. As such, appellant contends that the trial court should have granted his Crim.R. 32.1 motion to withdraw his guilty plea.
 {¶ 8} Appellant's Crim.R. 32.1 motion to withdraw his guilty plea is not the appropriate vehicle with which to challenge the APA's alleged misuse of its parole guidelines. State v. Young (Aug. 18, 2000), Greene App. No. 2000CA-26. If appellant wishes to pursue a remedy against the APA, he must file a suit against the APA and the Franklin County Prosecuting Attorney. See State v. Kelly (Mar. 30, 2001), Montgomery App. No. 18170; Randolph v. Ohio Adult Parole Authority (Jan. 21, 2000), Miami App. No. 99-CA-17. "A declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines." Hattie v. Anderson (1994), 68 Ohio St.3d 232, 235. See, also, Collins v. Ohio Adult Parole Authority, Franklin App. No. 02AP-1161, 2003-Ohio-2952 (inmate filed a complaint for declaratory and injunctive relief against the APA and others, alleging that the parole guidelines, as applied to him, impermissibly increased minimum eligibility requirements for parole); Layne v. Ohio Adult Parole Authority, 97 Ohio St.3d 456, 2002-Ohio-6719 (inmate brought an action for declaratory and injunctive relief, challenging the APA's assignment of an offense category score). See, also, State ex rel. Adkins v. Capots (1989), 46 Ohio St.3d 187, 188 ("we hold that declaratory judgment is an adequate remedy at law * * * as it would have afforded a complete remedy in determining the constitutionality or constitutional application of the guidelines").
 {¶ 9} Here, appellant wishes to withdraw his guilty plea because he alleges the APA failed to enforce the terms of his plea agreement. However, appellant must file a complaint against the APA and Franklin County Prosecutor, alleging that the APA breached the terms of the plea agreement that he made with the State, and request declaratory judgment to force the APA to place him in category eight. Failing to do so, we find that the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motion to withdraw his guilty plea. As such, appellant's fourth assignment of error lacks merit and is not well-taken.
 {¶ 10} Our disposition of appellant's fourth assignment of error renders the remaining assignments of error moot; therefore, we decline to address them. See App.R. 12(A)(1)(c).
 {¶ 11} For the foregoing reasons, appellant's fourth assignment of error is overruled, appellant's first, second, third, and fifth assignments of error are deemed moot, and the judgment of the Franklin County Court of Common Plea is affirmed.
Judgment affirmed.
KLATT and WATSON, JJ., concur.