DECISION
{¶ 1} Plaintiff-appellant, Dennis W. Green, was an inmate in the custody of the Ohio Department of Rehabilitation and Correction. He had been convicted of aggravated assault, felonious assault, aggravated burglary, and unauthorized use of a vehicle and sentenced to an aggregate sentence of 15 to 40 years of imprisonment. The convictions were affirmed on June 18, 1993. *Page 2 
 {¶ 2} In February 2002, defendant-appellee, a panel of the Ohio Adult Parole Authority ("OAPA"), initially assigned appellant an Offense Category 9 with a guideline range of 108 to 144 months. An additional 3 to 14 months was added to the guideline range, for an aggregate guideline range of 111 to 158 months. The Ohio Parole Board initially recommended parole in April 2002. On June 17, 2002, upon reconsideration, appellee held a full-board hearing where the board determined that a one range vertical departure of 150 to 210 months minus 18 months for outstanding achievement was warranted because of multiple victims, excessive brutality to the victims, an assault history, and a continuing psychological impact on the victim. The board recommended a modification of its February action to a parole date of June 1, 2007.
 {¶ 3} In May 2003, appellant received a hearing pursuant to Layne v.Ohio Adult Parole Auth., 97 Ohio St.3d 456, 2002-Ohio-6719. The panel determined not to change the June 2002 decision. Appellant filed a request for reconsideration and, in June 2004, the panel voted not to change the projected release date of on or after June 1, 2007.
 {¶ 4} Appellant filed this action against OAPA seeking a declaratory judgment that OAPA failed to provide appellant a meaningful opportunity for parole based upon OAPA's decision in 2002. Appellant filed a motion for partial summary judgment and OAPA filed a motion for summary judgment, and the trial court denied both motions. OAPA filed a motion for leave to file another motion for summary judgment, which the court granted and granted the motion for summary judgment.
 {¶ 5} Appellant filed a notice of appeal and raises the following assignments of error: *Page 3 
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO ORDER DEFENDANT TO ANSWER ADMISSIONS AND WHEN IT DENIED PLAINTIFF'S MOTION TO COMPEL.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT.
 III. THE LOWER COURT ERRED WHEN IT DISMISSED THE ENTIRE COMPLAINT EVEN THOUGH DEFENDANT DID NOT MOVE FOR SUMMARY JUDGMENT NOR DID THE LOWER COURT ADDRESS ISSUED [sic] RAISED IN PARAGRAPHS 9, 10 AND 11 OF THE COMPLAINT (EQUAL PROTECTION, DUE PROCESS, AND SEPARA TION OF POWERS).
 {¶ 6} On July 19, 2007, OAPA filed a "Suggestion of Mootness" because appellant was released on parole on June 28, 2007. Appellant's release renders this action moot since, even if we reversed and sent the action back for further review by the parole board, appellant has already been released.[1]
 {¶ 7} Even if the case were not rendered moot, summary judgment is appropriate in this case. To prevail on a motion for summary judgment, the moving party must demonstrate that, when the evidence is construed most strongly in favor of the non-moving party, no genuine issue of material fact remains to be litigated and that it is entitled to judgment as a matter of law. Civ.R. 56(C); Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. A genuine issue of material fact exists unless it is clear that reasonable minds can come to but one conclusion and that *Page 4 
conclusion is adverse to the non-moving party. Williams v. First UnitedChurch of Christ (1974), 37 Ohio St.2d 150, 151. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the non-moving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 8} When an appellate court reviews a trial court's disposition of a summary judgment motion, the appellate court applies the same standard as applied by the trial court. Maust v. Bank One Columbus, N.A. (1992),83 Ohio App.3d 103, 107. An appellate court's review of a summary judgment disposition is independent and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Thus, in determining whether a trial court properly granted a summary judgment motion, an appellate court must review the evidence in accordance with the standard set forth in Civ.R. 56, as well as the applicable law. Murphy, supra.
 {¶ 9} Appellant filed a declaratory action seeking a declaration that the parole board violated the Fourteenth Amendment to the United States Constitution and Sections 2 and 10, Article I of the Ohio Constitution by considering factors that were not found to be fact by a judge, jury or stipulated by appellant; in holding a hearing without providing him with notice of the charges, an opportunity to be heard, and the right to cross-examine, all resulting in a longer term of confinement; that the parole board violated the separation of powers by utilizing factors that are within the sole province of Ohio courts to lengthen his term of confinement; and that the parole board violated Ohio law, the Ohio Administrative Code, and parole guidelines by placing appellant in a range *Page 5 
of 150 to 210 months for parole purposes. The essential elements for declaratory relief are "(1) a real controversy exists between the parties, (2) the controversy is justiciable in character, and (3) speedy relief is necessary to preserve the rights of the parties." Aust v. OhioState Dental Bd. (2000), 136 Ohio App.3d 677, 681.
 {¶ 10} Declaratory judgment is the proper remedy to determine the constitutionality or constitutional application of parole guidelines.Hattie v. Anderson (1994), 68 Ohio St.3d 232, 235. Even though appellant's complaint is couched in terms alleging that he was denied parole in a constitutionally impermissible manner, appellant is actually challenging the application of parole guidelines and contends that the parole board relied on incorrect information.
 {¶ 11} An inmate does not have a constitutional or inherent right to be released before the expiration of a valid sentence. Collins v. OhioAdult Parole Auth., Franklin App. No. 02AP-1161, 2003-Ohio-2952, at ¶ 11, quoting State ex rel. Miller v. Leonard (2000), 88 Ohio St.3d 46,47. Under R.C. 2967.03, a parole determination lies within the absolute discretion of the OAPA. Woodson v. Ohio Adult Parole Auth., Franklin App. No. 02AP-393, 2002-Ohio-6630. The OAPA's use of internal guidelines does not alter the discretionary nature of the decision. Since the guidelines were not created by statute or regulation, and the parole board need not follow them, the guidelines place no "`substantive limits on official discretion.'" Sims v. Ohio Adult Parole Auth. (Nov. 29, 2001), Richland App. No. 01CA36, quoting Olim v. Wakinekona (1983), 461 U.S. 238, 249. Thus, an inmate is not deprived of a protected liberty interest when denied parole. Hattie, supra. *Page 6 
 {¶ 12} Similarly, appellant would not have prevailed on any equal protection claims if he had asserted them in his complaint. InMayrides v. Ohio Adult Parole Auth. (Apr. 30, 1998), Franklin App. No. 97APE08-1035, this court stated:
 "To succeed on a claim challenging a parole release decision and the broad discretion afforded the Parole Authority for purposes of establishing a violation of equal protection, a complaining party must show `exceptionally clear proof that the board abused its discretion. * * * Specifically, the prisoner must show `purposeful discrimination' and then establish that the discrimination had a discriminatory affect on him." * * * Thus, "an equal protection plaintiff cannot prevail if the defendants have legitimate, non-discriminatory reasons for their actions." * * *
Id., quoting Nedea v. Voinovich (N.D.Ohio 1998), D.C. No. 1:97-CV-521.
 {¶ 13} Appellant did not allege purposeful discrimination on the part of OAPA. Further, if appellant were to contend that the guidelines themselves violate equal protection, the guidelines are not binding and do not control the OAPA's discretion in determining when to grant parole. Curtis v. Ohio Adult Parle Auth., Franklin App. No. 04AP-1214,2006-Ohio-15. Thus, appellant has not presented a valid constitutional violation argument.
 {¶ 14} Further, appellant's complaint actually challenges the application of parole guidelines and contends that the parole board relied on incorrect information. However, where an inmate does not allege that parole was denied for a constitutionally impermissible reason, the OAPA's decision to deny parole is not subject to judicial review. Woodson, supra. Since appellant does not allege that he was denied parole for a constitutionally impermissible reason, the decision to deny him parole is not subject to judicial review. *Page 7 
 {¶ 15} For the foregoing reasons, appellant's assignments of error are moot and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN, J., concurs.
SADLER, P.J., concurs separately.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Appellant does not meet all the statutory requirements for a wrongfully imprisoned individual, pursuant to R.C. 2738.48, nor the elements of a common-law claim of false imprisonment. See Crenshaw v.Ohio Adult Parole Auth. (Aug. 17, 1993), Franklin App. No. 93AP-439.