[Cite as *State ex rel. Branco v. Haas*, 2013-Ohio-3836.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel., | : | JUDGES: |
| RAFEAL VERNON BRANCO | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Relator | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| JUDGE JOHN G. HAAS, | : | Case No. 2013CA00096 |
| STARK COUNTY COURT OF | : | |
| COMMON PLEAS | : | |
| | : | |
| Respondent | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Writ of Mandamus


JUDGMENT:          Dismissed


DATE OF JUDGMENT:          September 3, 2013


APPEARANCES:

For Relator                                        For Respondent

RAFEAL VERNON BRANCO #234-003          JOHN D. FERRERO, JR.
P.O. Box 8107                                     Stark County Prosecuting Attorney
Mansfield, OH 44901
                                                      BY: RONALD MARK CALDWELL
                                                      Assistant Prosecuting Attorney
                                                      110 Central Plaza, South
                                                      Suite 510
                                                      Canton, OH 44702-1413

*Baldwin, J.*

{¶1} Relator, Rafeal Vernon Branco, has filed a Complaint for Writ of Mandamus requesting Respondent, Judge John G. Haas, issue an order requiring the Ohio Adult Parole Authority to consider releasing Relator on parole.

{¶2} On May 20, 1991, Relator was sentenced to a term of twenty years to life in prison with parole eligibility after twenty years on one count of murder, a term of ten to twenty-five years on one count of Aggravated Burglary, and a term of ten to twenty-five years on one count of Aggravated Robbery. These sentences were ordered to be served consecutive to one another. Relator argues once he served twenty years, he was entitled to have a parole hearing.

{¶3} Respondent has filed a motion to dismiss the complaint. Relator has filed a motion for summary judgment.

{¶4} Initially, we find Relator has failed to name a proper respondent. Relator offers no authority for the proposition that the named respondent is authorized to issue orders requiring the Adult Parole Authority to conduct parole hearings. A writ will not issue against an improper party. *State ex rel. Isom v. Ohio Adult Parole Authority,* 2002 WL 31243517, *2 (Ohio App. 7 Dist.).

{¶5} Even if we were to find Respondent was a correct party to this action, Relator has failed to establish he is entitled to have a writ of mandamus issue. "To be entitled to the requested extraordinary relief, [a relator] must establish a clear legal right to the requested relief, a clear legal duty on the part of appellees to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v.*

*Spaeth,* 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. [A relator] must prove that they are entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶6}    Ohio law gives a convicted inmate "no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment." *State ex rel. Seikbert v. Wilkinson,* 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). The statute granting the parole authority discretion to grant parole, R.C. 2967.03, "creates no expectancy of parole or a constitutional liberty interest sufficient to establish a right of procedural due process." *Id.,* citing *Hattie v. Anderson,* 68 Ohio St.3d 232, 233, 626 N.E.2d 67 (1994); *State ex rel. Adkins v. Capots,* 46 Ohio St.3d 187, 188, 546 N.E.2d 412 (1989). It follows that, an inmate has no constitutional or statutory right to parole, he has no concomitant right to a particular date for the consideration of parole, and a change in such dates is not a constitutional violation. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.,* 81 Ohio St.3d 267, 268, 690 N.E.2d 887 (1998)."

{¶7}    Relator cannot establish that he has a clear legal right to a parole hearing. Relator's sentence has not expired.  Further, as previously noted, Relator cannot establish any legal duty on the part of the named Respondent to order a parole hearing to take place.

{¶8}        For these reasons, the requested writ of mandamus will not issue.  The complaint is dismissed for failure to state a claim upon which relief may be granted.


By: Baldwin, J.

Hoffman, P. J. and

Delaney, J. concur.


_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY


CRB/ ads

[Cite as *State ex rel. Branco v. Haas*, 2013-Ohio-3836.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel.,<br>RAFEAL VERNON BRANCO | : | |
| | : | |
| Relator | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JUDGE JOHN G. HAAS,<br>STARK COUNTY COURT OF<br>COMMON PLEAS | : | |
| | : | |
| | : | |
| Respondent | : | CASE NO. 2013CA00096 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the Complaint is dismissed. Costs assessed to relator.

_____
HON. CRAIG R. BALDWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY