[Cite as *State v. Shepherd*, 2014-Ohio-686.]

STATE OF OHIO        )                  IN THE COURT OF APPEALS
                          )ss:              NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                         C.A. No.      26748

      Appellee

      v.                           APPEAL FROM JUDGMENT
                                 ENTERED IN THE
ORLANDO D. SHEPHERD          COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
      Appellant                CASE No.    CR 94 02 0478

DECISION AND JOURNAL ENTRY

Dated: February 26, 2014

MOORE, Presiding Judge.

**{¶1}** Defendant-Appellant, Orlando D. Shepherd, appeals from the December 13, 2012 judgment entry of the Summit County Court of Common Pleas. We affirm.

I.

**{¶2}** In 1994, Mr. Shepherd was indicted for (1) murder with a firearm specification, (2) attempted murder with a firearm specification, (3) carrying a concealed weapon with a physical harm specification, and (4) illegal possession of a firearm in liquor permit premises with firearm and physical harm specifications. After initially pleading not guilty, Mr. Shepherd pleaded guilty to amended charges of involuntary manslaughter with a firearm specification, three counts of felonious assault, and carrying a concealed weapon with a physical harm specification.

**{¶3}** The trial court accepted Mr. Shepherd's guilty plea, found him guilty and sentenced him to three years of mandatory imprisonment for possession of a firearm, to be

served consecutively with an indeterminate period of not less than ten and not more than twenty-five years for involuntary manslaughter, to be served consecutively with an indeterminate period of not less than two and not more than ten years for carrying a concealed weapon with a physical harm specification, to be served concurrently with an indeterminate period of not less than three and not more than fifteen years for each count of felonious assault.

{¶4}   While incarcerated at the Lake Erie Correctional Institution, Mr. Shepherd allegedly assaulted a corrections officer, and was indicted by the Ashtabula Grand Jury for felonious assault and assault.  In 2003, Mr. Shepherd pleaded no contest to felonious assault, and was sentenced to a mandatory six-year term of imprisonment to be served consecutively with his Summit County sentence.

{¶5}   In *State v. Shepherd*, 11th Dist. Ashtabula No. 2010-A-0052, 2011-Ohio-2451, ¶ 31, the Eleventh District Court of Appeals held that the trial court failed to incorporate the required term of postrelease control into Mr. Shepherd's sentence.  The Eleventh District remanded the matter to the trial court to determine whether Mr. Shepherd had already completed his mandatory six-year prison sentence, and, if not, to properly impose postrelease control.  *Id*. Upon remand, the trial court determined that Mr. Shepherd had already served his mandatory six-year prison sentence for felonious assault, and, as such, it could no longer impose postrelease control.

{¶6}   Mr. Shepherd then filed a motion for immediate discharge from custody in the Summit County Court of Common Pleas.  In his motion, Mr. Shepherd argued that: (1) the 1994 judgment entry contained no verdict or finding of guilt, and, therefore, was not a final order, and (2) he fully completed his prison sentence issued in 1994 due to the accrual of "goodtime" credit and never being afforded a parole eligibility screening hearing.  In response, the State asserted

that the 1994 sentencing entry complied with *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, and is a final order. Mr. Shepherd subsequently filed a memorandum wherein he *agreed* with the State's position that the 1994 judgment entry is a final order, but still contended that he completed his prison sentence imposed by the trial court in 1994.

{¶7} The trial court denied Mr. Shepherd's motion stating that the sentencing entry is complete, and that it is without jurisdiction over parole or postrelease control.

{¶8} Mr. Shepherd appealed and raises two assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION THEREBY IMPLICATING DUE PROCESS WHEN IT DENIED [MR. SHEPHERD'S] PROPERLY PLED AND SUBSTANTIVELY SUPPORTED MOTION FOR IMMEDIATE DISCHARGE FROM CUSTODY ('WITHOUT A HEARING') AND WHERE THE RECORD DID IRREFUTABLY DEMONSTRATE THAT [MR. SHEPHERD] HAD FULLY SATISFIED THE ORDERED PUNISHMENT.

{¶9} In his first assignment of error, Mr. Shepherd argues that the trial court erred in denying his motion for immediate discharge from custody without first holding a hearing. Specifically, Mr. Shepherd argues that (1) he had a statutory right to parole eligibility screening, and (2) because the Ashtabula County Court of Common Pleas' judgment is void, the six years of time served under that sentence should count toward his original sentence in Summit County.

{¶10} "The adult parole authority ["APA"] may exercise its functions and duties in relation to the pardon, commutation of sentence, or reprieve of a convict upon direction of the governor or upon its own initiative." R.C. 2967.03. Further, "R.C. 2967.03 vests discretion in the APA to 'grant a parole to any prisoner, if in its judgment there is reasonable ground to believe that * * * such action would further the interests of justice and be consistent with the

welfare and security of society.'" *Hattie v. Anderson*, 68 Ohio St.3d 232, 233 (1994), quoting former R.C. 2967.03. "However, R.C. 2967.03 creates no expectancy of parole or a constitutional liberty interest sufficient to establish a right of procedural due process." *Hattie* at 233, citing *State ex rel. Adkins v. Capots*, 46 Ohio St.3d 187, 188 (1989).

{¶11} First, Mr. Shepherd offers no legal authority in support of his contention that the trial court denied him due process by failing to hold a hearing prior to denying his motion. *See* App.R. 16(A)(7). Second, Mr. Shepherd mainly argues about the merits of Ashtabula County's decision, which is from another district and outside of this Court's jurisdiction to review. Third, because Mr. Shepherd is currently incarcerated and seeking parole eligibility, his cause of action would be more properly directed against the APA. *See Ritchie v. Ohio Adult Parole Auth.*, Franklin App. No. 05AP-1019, 2006-Ohio-1210, ¶ 7, where the appellant "sought a declaratory judgment that [the APA] violated state constitutional laws when it applied its parole guidelines * * * [and] also sought a declaratory judgment explaining how pre-S.B. 2 statutes on parole eligibility affect meaningful parole consideration."

{¶12} Accordingly, Mr. Shepherd's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

WHETHER A JUDGMENT WHICH WAS/IS VOID AB INITIO (AND SO DECLARED) IS STATUTORILY AND CONSTITUTIONALLY CAPABLE OF SUSPENDING EXECUTION AND OPERATION OF A VALID JUDGMENT.

{¶13} In his second assignment of error, Mr. Shepherd argues that the only valid and enforceable judgment in effect at all relevant times was the 1994 Summit County judgment. Mr. Shepherd believes that the Ashtabula County judgment is wholly void because it failed to properly impose postrelease control, and, as a result, any time served under that judgment should be instead attributed to his Summit County sentence. For these reasons, Mr. Shepherd contends

that he is entitled to a hearing in order to prove that he has completed his sentence and should be released from custody. We disagree.

{¶14} As stated above, Mr. Shepherd has not provided any legal authority in support of his argument that he is entitled to a hearing on this type of motion, or that his due process rights have been violated. *See* App.R. 16(A)(7). Additionally, Mr. Shepherd incorrectly assumes that a trial court's failure to impose postrelease control voids his *entire* sentence. Recently, in *State v. Holdcroft*, 137 Ohio St.3d 526, 2013 WL 6171168, 2013-Ohio-5014, ¶ 7, the Supreme Court of Ohio addressed the issue of void sanctions, including the failure to properly impose postrelease control, stating:

> Although we have not previously so stated, generally speaking, our recent cases in this area have dealt with void *sanctions,* rather than *sentences* that were void ab initio. For example, in *Fischer,* we held that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, *that part of the sentence* is void and must be set aside." (Emphasis added in part.) We further recognized that in most cases, the prison sanction is *not* void and therefore "only the offending portion of the sentence is subject to review and correction." Accordingly, when a judge fails to properly impose statutorily mandated postrelease control as part of a defendant's sentence, the postrelease control sanction is void. In such situations, the void sanction "may be reviewed at any time, on direct appeal or by collateral attack," but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence[.] "

(Emphasis sic.) Quoting *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26-27, 40. As such, even if the Ashtabula Court of Common Pleas failed to impose post-release control, Mr. Shepherd's mandatory prison sentence of six years for felonious assault was not void. Therefore, because the Ashtabula County sentence was not void, any mandatory time served for the Ashtabula County conviction would not be applied to Mr. Shepherd's 1994 Summit County sentence.

{¶15} Accordingly, Mr. Shepherd's second assignment of error is overruled.

6

## III.

**{¶16}** In overruling both of Mr. Shepherd's assignments of error, the Judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

ORLANDO D. SHEPHERD, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.